[No. 7661. Decided January 6, 1909.]

## L. G. KUMBLAD et al., Respondents, v. JOHN H. ALLEN et al., Appellants.[1]

PLEADING—AFFIRMATIVE DEFENSES—ISSUES AND PROOF. In an action upon a bond given to secure the plaintiffs the cost of making "necessary" improvements upon property purchased, the issue as to the necessity of improvements is raised by a general denial, and it is not error to strike out an affirmative defense that the improvements made were not necessary within the meaning of the bond.

BONDS—TO ASSURE TITLE—DEFENSES—FAILURE OF TITLE—VENDOR AND PURCHASER. It is no defense to an action upon a bond, given to assure against defects in the title to land purchased by the plaintiffs and to secure the cost of improvements to be made, that the plaintiffs knew of the defects in the title when the improvements were made by the plaintiffs, where the defects were not incurable.

SAME—DAMAGES—OFFSET OF RENTS AND PROFITS. In an action upon a bond given to assure the title to lands purchased by the plaintiffs and to secure the costs of improvements made, it is no defense that the plaintiffs had been in possession for years before ouster and had received sufficient rents and profits to offset their damages; since the true owner, and not the obligors in the bond, were entitled to recover the rents and profits.

[1]Reported in 99 Pac. 19.

APPEAL—REVIEW—PLEADINGS—AMENDMENTS. Where findings are not excepted to, the supreme court will treat the complaint as amended to conform to the proofs.

Appeal from a judgment of the superior court for King county, Yakey, J., entered April 21, 1908, upon findings in favor of the plaintiffs, after a trial before the court without a jury, in an action upon a bond. Affirmed.

*James A. Dougan,* for appellants.

*Graves, Palmer & Murphy* and *Charles H. Winders,* for respondents.

FULLERTON, J.—In April, 1898, the appellants, Allen and wife, believing themselves to be the owners of certain real property situated in King county, in this state, contracted to sell the same to the respondents for a consideration of $500. An abstract of title was furnished the respondents by Allen and wife, which showed an action pending affecting the title, the prosecution of which had been suspended by the written agreement of all of the parties, in which agreement it was provided that, if Allen and wife paid certain sums of money on certain dates therein specified, the action should be dismissed and the title of the Allens perfected; otherwise it should proceed to trial on the issues joined. As security against a possible failure of title by reason of this action, the appellants Allen and wife offered, in addition to a warranty deed to the property, to execute a bond in the sum of one thousand dollars with C. H. Lilly and Charles Louch, as sureties, conditioned to secure the respondents in the quiet and peaceful enjoyment and possession of the property. Thereupon the sale was completed by the respondents paying the purchase price, and the appellants Allen and wife executing a warranty deed conveying the property to the respondents and executing a bond in their behalf as follows:

"Know all men by these presents, that we, John H. Allen and Lucy A. Allen, his wife, as principals, and C. H. Lilly

and Chas. Louch, as sureties, are held and firmly bound unto
L. G. Kumblad in the penal sum of one thousand ($1,000)
dollars, for the payment whereof, well and truly to me made,
we bind ourselves, our heirs, executors and administrators,
jointly and several, firmly by these presents, unto the said
L. G. Kumblad and to his heirs, executors and administrators.

"Signed and sealed this 12th day of April, 1898.

"The condition of the above obligation is such that,
Whereas, the above boundens, John H. Allen and Lucy A.
Allen, his wife, have this day sold and conveyed unto L. G.
Kumblad, the above obligee, for and in consideration of the
sum of five hundred ($500) dollars, in hand paid, the re-
ceipt whereof is hereby acknowledged, the following de-
scribed real estate, situated in King County, Washington, as
follows, to wit:

"Being the whole piece or parcel of land lying on the east
side of the right-of-way of the Northern Pacific Railroad,
save and except a strip thereof fifteen feet wide on the north
side of said piece of land, containing in all about 14 acres,
more or less, all being contained in the N. E. ¼ of the S. E.
¼ of Section 25, Tp. 21 N., R. 4 E.

"And, whereas, some question has arisen as to the title of
said obligors, John H. Allen and wife, of said property. Now,
therefore, in order to secure the said above obligee in the pur-
chase of said property, and the payment of said purchase
money, if the above boundens, John H. Allen and wife, shall
well and truly preserve and save harmless the said L. G.
Kumblad, the obligee, in the quiet and peaceful enjoyment
and possession of said property, and shall establish and main-
tain his title thereto, perfect in all respects, then, in that
event, this obligation shall be null and void; otherwise of full
force and effect, the said obligors agreeing, in the latter
event to return and repay to the above obligee, L. G. Kum-
blad, the said purchase money, with interest thereon, and all
his costs and expenses, and all necessary improvements made
by him on said property during his occupancy thereof."

Allen and wife failed to make the payments provided for
in the written stipulation, and the action was tried upon its
merits, resulting in a judgment to the effect that the Allens
had no title to the property. The respondents entered into
possession of the property at the time of the execution of

the deed and bond, and were ousted therefrom on an execution issued on the judgment against Allen and wife. The respondents were in possession of the property under the deed and bond for some nine years, and during that time made valuable, permanent improvements thereon which were lost to them by reason of their ouster from possession.

The present action is an action on the bond to recover the penalty thereof. The respondents in their complaint alleged the contract of sale, the execution and delivery of the deed and bond, the failure of the title to the property and their ouster therefrom, the nature and character of the improvements they had placed thereon, with a special valuation of each separate item showing that the total exceeded the penalty named in the bond, and demanded judgment for the amount of such penalty.

The appellants appeared, and answering jointly, admitted the contract of sale, the execution of the deed and bond, the judgment against Allen and wife in which it was adjudicated that they had no title to the property, and the ouster of the respondents from possession, but denied that the ouster was caused by such failure of title, and denied further that the respondents had placed any improvements on the premises of the value alleged, or any value, and set up four separate defenses, the substance of which were: That the respondents knew of the condition of the title, and assumed the risk of making improvements thereon; that certain of the improvements alleged to have been made were not necessary improvements; that the planting of an orchard on the premises was not a necessary improvement, and that the respondents had been in the actual occupancy and undisturbed possession of the premises for a period of nine years, and had received the rents, issues and profits thereof and that the same were of the value of $500 per year, and greater than any damage the respondents had suffered by being ousted from the premises. The court struck out the first three separate defenses on respondents' motion, and sustained a demurrer to

the fourth. The case was thereupon tried before the court sitting without a jury, on the issues made by the allegations of the complaint and the denials contained in the answer, resulting in findings and a judgment in favor of the respondents in a sum equal to the penalty named in the bond.

The court made and filed written findings of fact, in which it found the kind and character of improvements the respondents had placed upon the premises during their occupancy; also, their value in money, holding that they were necessary improvements within the meaning of that term as used by the parties in the bond. In their appeal the appellants have not brought up the evidence, but rely for reversal on the ruling of the court striking the first three affirmative defenses, and sustaining a demurrer to the fourth, and a further error predicated on the making of the finding relating to the kind, character and value of the improvements the respondents placed upon the premises from which they were ousted.

It is first asserted that the court erred in striking the affirmative defenses wherein it was alleged that the improvements the respondents had placed on the granted premises were not necessary improvements. But we find no error in this ruling. Unquestionably it was incumbent upon the respondents, in order to recover upon the bond, to show that the improvements for the value of which they sued were necessary improvements within the meaning of the bond, but this was a burden that was upon them from the beginning; it was a necessary part of their case in chief, and the issue was properly and sufficiently made by the allegations of the complaint and the denials in the answer. The issue could in no manner be widened or otherwise changed by any affirmative allegation in the answer to the effect that improvements for which payment was claimed were not necessary improvements, and hence such an affirmative defense was properly stricken. Nor was the defense widened or changed by the further allegation that the respondents knew of the defect in the title

when they made the improvements. It was because of this defect that the bond was exacted in the first instance, and it would be contrary to the very purpose of the bond to hold that such knowledge defeated their right of recovery thereon. Had the defect been incurable and had that fact been known to the respondents, a different question would have been presented, but such was not the fact. The defect was one that could have been remedied by the appellants at any time during the life of the stipulation filed in the action pending at the time the bond was executed.

The demurrer was properly sustained to the fourth defense for the reason that the true owner of the property, and not the appellants, were entitled to recover the rents and profits during the respondents' occupancy. No claim was made under the betterment statute of 1903.

The objection to the finding relating to the improvements the respondents had placed upon the premises is based on the claim that there was no issue in the pleadings on the question therein determined. But, as we have said, this issue was made by the allegations of the complaint and the denials thereto. Whether the complaint was technically perfect is of no moment in so far as this appeal is concerned. The court's findings show that the question of the necessity of the improvements was fully met and determined. In such a case this court is obligated to treat the pleadings as sufficient.

The judgment is affirmed.

HADLEY, C. J., RUDKIN, MOUNT, CROW, and DUNBAR, JJ., concur.